UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK MORALES, ET AL. | CIVIL ACTION |
| VERSUS | NO.  10-4542 |
| JEFFERSON PARISH SCHOOL BOARD, ET AL. | SECTION "N" (4) |

## **ORDER AND REASONS**

This matter is before the Court following its removal from the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana.  The defendant, Jefferson Parish School Board ("JPSB"), and Intervenors, Jefferson Federation of Teachers ("JFT") and Service Employees' International Union ("SEIU"), removed the matter on the evening of December 15, 2010, five days after the initial Petition had been filed in state court.

During a telephone conference held on the afternoon of Thursday, December 16, 2010, the undersigned queried all counsel regarding the basis for this Court's jurisdiction.  Because of its concern over this threshold issue, the Court ordered that memoranda regarding jurisdiction, *inter alia*, be submitted by the close of business on Friday, December 17, 2010.  The Court has received and reviewed those memoranda in detail. (See Rec. Docs. 11, 12, 13)[1].

---

[1] While the Court ordered these filings due by December 17, 2010, at 4:30 p.m., the parties actually filed them earlier than ordered; the last of these memoranda was received by the Court at 1:55 p.m. on December 17, 2010.  Thus, the Court has had sufficient time to consider this jurisdictional issue and stands ready to rule.

I.      **FACTS**

On December 10, 2010, Plaintiffs filed suit in state court alleging various violations of state law and seeking a temporary restraining order against the JPSB with regard to its recognition and contractual negotiation with JFT and SEIU on behalf of certain employees of the JPSB.  Among Plaintiffs' allegations are those which relate to the Consent Order issued by this Court in *Dandridge v. JPSB*, Docket No. 64-14801, a long-standing desegregation case.  (See Rec. Doc. 164 in case no. 64-14801).  Specifically, Plaintiffs pled that the JPSB violated the Consent Decree, in that it failed to inform or obtain the consent of this Court before passing the "Recognition Resolution", and that the "Recognition Resolution" "significantly impacts the Consent Order" in *Dandridge*.  (Rec. Doc. 1-2, p. 8, Section C, ¶35).[2]

As a result of recusals of various judges in the 24th Judicial District Court, the matter was eventually assigned to District Judge Robert A. Pitre, Jr. who set a hearing on Thursday, December 16, 2010.  At 10:37 p.m. on December 15, 2010, the JPSB and intervenors JFT and SEIU removed the matter to this Court, which entered the TRO and set a hearing for Tuesday, December 21, 2010 at 9:00 a.m., pending resolution of the undersigned's concern regarding jurisdiction.

II.     **LAW AND ANALYSIS**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. See 28 U.S.C. § 1441(a). In

---

[2]     In Paragraph 32 of the Petition, Plaintiffs vaguely assert that "the Recognition Resolution creates a situation that *may* interfere with the Consent Order..." (Rec. Doc. 1-2, ¶32, emphasis added).  Further, during the telephone conference on December 16, 2010, Mr. Samuel, on behalf of the removing defendants stated, "[w]e don't think it's a violation. But they alleged it..." (Transcript, p. 6).  Ms. Masinter, on behalf of Plaintiffs stated, "[w]e called it to the state court's attention because I was concerned after reading the consent decree that it could be impacted."  (Transcript, p. 5).

assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); see also *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Further, a federal court "may consider subject matter [jurisdiction] sua sponte, as subject-matter delineations must be policed by the courts on their own initiative." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir.2007) (internal quotation marks omitted). "[S]ubject matter jurisdiction cannot be conferred by consent, agreement, or other conduct of the parties." *Id.* at 284 (internal quotation marks omitted). In actions removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also *Wisconson Department of Corrections v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ("For [removals that are defective due to the lack of subject matter jurisdiction], remand may take place without ... a motion and at any time.").

Paragraphs 18 through 23 of the Consent Order, under the subtitle of "Administrative, Faculty and Non Instructional Support Staff Assignments", govern "classified personnel" of the Jefferson Parish School System. The parties do not dispute that the employees involved in this matter are "classified personnel" as defined by the JPSB and the Consent Order. The relevant paragraphs of the Consent Order in *Dandridge* are Paragraphs 19 and 20. The gravamen of

3

these paragraphs simply states that classified personnel shall be recommended for and assigned to positions at the various schools in the Jefferson Parish School System by the Superintendent pursuant to the terms of those paragraphs, in an effort to satisfy the proportionalities described in Paragraphs 20 (C) and (D). In fact, the only mention of any Collective Bargaining Agreement ("CBA") between the JPSB and any employees of the Jefferson Parish School System is set forth as part of Paragraph 19: terms and conditions of the CBA in conflict with the Consent Order shall be superseded by the Consent Order. The Consent Order contains no provisions addressing recognition and/or negotiation with any other bargaining agents for other employees. Nor is there a requirement of notification or consent for such action (although prudence and common sense would suggest the wisdom of such action). Moreover, it is not alleged with any specificity that any such arrangement would violate the provisions of Paragraphs 18 through 23, and thus *at this time* the Court does not find any federal question in existence that would involve compliance with or violation of the Consent Order.

In so holding, the undersigned makes no ruling or comment whatsoever as to the other grounds Plaintiffs assert for injunctive relief. Indeed, the remaining claims involve issues of state law which the undersigned specifically does not consider in determining jurisdiction herein. Moreover, in determining that no such federal question exists such that jurisdiction could be exercised over this matter by this Court, the Court does hereby vacate the temporary restraining order issued on Thursday, December 16, 2010, **without prejudice** to the right of Plaintiffs to seek a temporary restraining order and preliminary and permanent injunctive relief in state court.

For the foregoing reasons, **IT IS ORDERED** that this matter be **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, whereupon the issue

of the temporary restraining order and all other relief, injunctive or otherwise, may be considered by the assigned District Judge, as was the case prior to removal.

**IT IS FURTHER ORDERED** that the temporary restraining order issued herein on December 16, 2010 be and is hereby **DISSOLVED**.

Considering the foregoing, **IT IS FINALLY ORDERED** that the Preliminary Injunction hearing set for Tuesday, December 21, 2010, at 9:00 a.m., is **CANCELLED**.

New Orleans, Louisiana, this 17th day of December, 2010.

                                            **KURT D. ENGELHARDT**
                                            **United States District Judge**